# NOS. 12-13-00276-CR
# 12-13-00277-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JUSTIN OBRIEN ELLIS,* *APPELLANT* | § | *APPEAL FROM THE 3RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Justin Obrien Ellis appeals his convictions for two counts of burglary of a habitation, two counts of aggravated kidnapping, theft from a person, "assault causing bodily injury to a family member with a prior conviction," and "assault family violence by occlusion." In his sole issue in each appeal, he contends that the trial court abused its discretion in rendering its judgment nunc pro tunc adjudicating guilt that fails to speak the truth. We modify the trial court's judgment, and as modified, affirm.

## BACKGROUND

In 2010, Appellant was indicted for two counts of burglary of a habitation and two counts of aggravated kidnapping (trial court cause number 30,294; appellate court cause number 12-13-00276-CR). The burglary of a habitation offenses were first degree felonies as alleged,[1] and the aggravated kidnapping offenses were second degree felonies as alleged.[2] In 2012, he pleaded guilty to all four counts. The trial court placed Appellant on deferred adjudication community supervision for ten years. In 2013, the State filed a motion to adjudicate Appellant's guilt,

---

[1] *See* TEX. PENAL CODE ANN. § 30.02(a), (d) (West 2011).

[2] *See **id.*** § 20.04(a), (b), (d) (West 2011).

alleging that he violated the terms of his community supervision in several respects. Appellant pleaded "not true" to the allegations in the State's motion.

After a hearing, the trial court granted the State's motion, found Appellant guilty of the offenses, revoked his community supervision, and sentenced him to sixty years of imprisonment on each burglary of a habitation count, and ten years of imprisonment on each of the aggravated kidnapping counts.

Separately in 2010, Appellant was indicted in another case for a number of offenses, including (1) theft from a person, a state jail felony as alleged,[3] (2) assault causing bodily injury to a family member with a prior conviction,[4] and (3) assault family violence by occlusion, a second degree felony as alleged (trial court cause number 30,179; appellate court cause number 12-13-277-CR).[5] As in the other case, in 2012, Appellant pleaded guilty to the offenses, and the trial court placed Appellant on deferred adjudication community supervision for ten years. The State filed a motion to adjudicate Appellant's guilt in 2013, alleging the same violations of his community supervision as in the other case. Appellant also pleaded "not true" to the allegations in the State's motion for this case.

After a hearing, the trial court granted the State's motion, found Appellant guilty of the offenses, revoked his community supervision, and sentenced him to two years of confinement for the state jail felony, and ten years of imprisonment for each of the two assault offenses. The trial court ordered that the sentences for all offenses in both cases were to be served concurrently.

**ERROR IN THE JUDGMENT**

In his sole issue, Appellant argues that the trial court's written judgment nunc pro tunc in each case incorrectly reflects that Appellant pleaded "true" to the allegations in the State's motion to proceed with an adjudication of guilt. We have the authority to modify a judgment to speak the truth when we have the necessary information before us to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). The record reflects that Appellant

---

[3] *See id.* § 31.03(a) (West Supp. 2014).

[4] *See id.* § 22.01(b)(2)(A) (West. Supp. 2014).

[5] *See id.* § 22.01(b-1).

pleaded "not true" to all of the allegations in the State's motions. Therefore, the trial court's judgment nunc pro tunc in each case should be modified to reflect that Appellant pleaded "not true" to the allegations contained in the State's motion to proceed with an adjudication of guilt.[6]

Appellant's sole issue in each case is sustained.

## DISPOSITION

Having sustained Appellant's sole issue, we *modify* the trial court's judgment nunc pro tunc in each case to reflect that he pleaded "not true" to the allegations in the State's motions to adjudicate guilt, and as *modified*, *affirm*.

JAMES T. WORTHEN
Chief Justice

Opinion delivered August 20, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

---

[6] We note that Appellant does not challenge the sufficiency of the evidence to support the trial court's findings that the allegations in the State's motions are true.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 20, 2014**

**NO. 12-13-00276-CR**

**JUSTIN OBRIEN ELLIS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 3rd District Court

of Anderson County, Texas (Tr.Ct.No. 30294)

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that the trial court's judgment below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's judgment nunc pro tunc below be **modified** to reflect that Appellant pleaded "not true" to the allegations in the State's motion to adjudicate guilt; **and as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 20, 2014**

**NO. 12-13-00277-CR**

**JUSTIN OBRIEN ELLIS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 3rd District Court

of Anderson County, Texas (Tr.Ct.No. 30,179)

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that the trial court's judgment below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's judgment nunc pro tunc below be **modified** to reflect that Appellant pleaded "not true" to the allegations in the State's motion to adjudicate guilt; **and as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*